IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARRIE A. MITCHELL,           )
                              )
          Plaintiff,          )
                              )        Civil Action No. 2:04-CV-00801-DRB
v.                            )        [WO]
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social Security, )
                              )
          Defendant.          )

## MEMORANDUM OPINION AND ORDER

Following administrative denial of disability insurance benefits  under Title II of the Social

Security Act , 42 U.S.C. §§ 401 *et seq*., Carrie A. Mitchell ("Mitchell") received a requested hearing

before an administrative law judge ("ALJ"), who rendered an unfavorable decision on March 18,

2004.  Because the Appeals Council rejected  review, the ALJ's decision became the final decision

of the Commissioner of Social Security ("Commissioner"). This judicial review proceeds pursuant

to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court concludes

that the Commissioner's decision should be reversed and remanded for further administrative

consideration.

## I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot

conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v.

Schweiker*, 672  F.2d  835  (11th  Cir.  1982).  The  Commissioner's  decision  must  be  considered

conclusive "if it is supported by substantial evidence and the correct legal standards were applied."

*Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422

(11th Cir. 1997).

Substantial evidence is less than a preponderance; instead, it is considered such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). Because substantial evidence is "more than a scintilla," *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987), it "must do more than merely create a suspicion of the existence of the fact to be established." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). A decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding the contrary evidence. *McCruter v. Bowen*, 791 F. 2d 1544, 1548 (11th Cir. 1986).

The court must examine the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Commissioner's decision will be reversed if it reflects the application of incorrect law or insufficient reasoning to make the determination. *Keeton v. Department of Health & Human Servs.*, 21 F. 3d 1064, 1066 (11th Cir. 1994).

## II. ADMINISTRATIVE FINDINGS

Age 42 at the time of the February 10, 2004 hearing, Mitchell has a high school education with prior work experience as a waitress. She has not engaged in substantial gainful work activity since July 15, 2002, the onset date of alleged disability arising from "residuals from a stroke, glaucoma, arthritis and coronary artery disease." The ALJ determined from "the medical evidence [ ] that [Mitchell] has impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4." He deemed "not totally credible" her testimony regarding pain and functional

limitations.   To buttress his conclusion that Mitchell "still possesses the residual functional capacity

("RFC") to perform sedentary work" but not her past work as a waitress, the ALJ found that "the

preponderance of the most credible evidence has not established the existence of either single or

combined medical conditions which could reasonably be expected to produce symptoms in the

severity, frequency and duration necessary to significantly compromise the claimant's performance

of all forms of gainful activity."  After considering Mitchell's age, education and work experience,

and in reliance on the Medical Vocational Guidelines, the ALJ found her able to perform a full range

of sedentary work and, consequently, not disabled under the Social Security Act.[1]

## III.  ISSUES

Mitchell specifies three issues:

1.      whether the ALJ erred by failing to identify which impairments were determined to
be severe;

2.      whether the ALJ's finding that Ms. Mitchell retained the residual functional capacity
to perform sedentary work was not based on substantial evidence due to the absence
of any physical capacities evaluation ("PCE") completed by a treating or examining
physician; and

3.      whether the ALJ erred in relying solely on the Medical Vocational Guidelines in the
presence of non-exertional impairments.[2]

Each issue relates to the Court's ultimate inquiry: *Is the Commissioner's disability decision*

*supported by proper legal standards and by substantial evidence*? *See Bridges v. Bowen*, 815 F. 2d

---

[1]R. 17-18, 25, 27-30.   The ALJ's disability analysis followed the  five-step sequential
evaluation process set forth in 20 C.F.R. §404.1520  and summarized in *Phillips v. Barnhart*, 357
F. 3d 1232, 1237-1240 (11th Cir. 2004).

[2]Plaintiff's Brief at 1 ("*Pl.'s Br.*")(Doc. 10, filed March 1, 2005).

672 (11th Cir. 1987).

## IV.  DISCUSSION

Pursuant to the evidentiary and legal analysis which follows, the court concludes that remand is warranted for the ALJ's failure to indicate which of Mitchell's alleged disabling conditions  or documented illnesses  qualify as "severe impairments."  Because this error at the second step of the sequential evaluation process taints the ALJ's assessment of Mitchell's RFC for other work,[3] the court omits detailed discussion of other specified issues except as warranted to clarify  the  governing legal standards. The ALJ's  failure to articulate his severity findings for Mitchell's alleged and documented impairments necessarily means that no substantial evidence supports his final assessment of Mitchell's RFC to  perform a full range of sedentary work.

### A.        Evaluation of Severe Impairments

 Scrutiny of the ALJ's decision  validates  Mitchell's complaint that the ALJ did not identify

---

[3]In describing the sequential evaluation process for disability determinations, the court  in *Davis v. Shalala*, 985 F. 2d 528, 532 (11th Cir. 1993) explained in relevant part:

> In sequential evaluation *step two, the Secretary determines whether a claimant has a "severe" impairment* or combination of impairments that causes more than a minimal limitation on a claimant's ability to function.  *See* 20 C.F.R. §416.2( c ). ***If the Secretary finds, at step two, "a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."*** *See* 20 C.F.R. §416.923.   In sequential evaluation *step three*, the Secretary determines *whether a claimant's impairment meets or equals a disability described in the Listing of Impairments* which describes impairments that are considered severe enough to prevent a person from doing any gainful activity. *See* 20 C.F.R. §§416.920(d), 416.925(a).  Finally, in sequential evaluation *steps four and five, the Secretary makes an assessment of a claimant's residual functional capacity*, in light of a claimant's past work, experience, age, and education.  *See* 20 C.F.R. §§416.920(e) and 416.920(f).(emphasis added).

expressly and unambiguously any severe impairments he determined for Mitchell.  The court cannot

embrace the Commissioner's argument that the omission is insignificant:

> ...the ALJ went on to specifically document the medical evidence of record,
> specifically noting that [Mitchell's] medical records documented that [she] had
> "alleged residuals from a stroke, glaucoma, arthritis, sleep apnea, and coronary artery
> disease."  It is reasonable to assume that the ALJ considered each of these
> impairments as either a standing alone 'severe' impairment or impairments which
> when considered in combination equated to 'severe' impairments.[4]

Notwithstanding the ALJ's conclusion that Mitchell "has an impairment or a combination of

impairments considered 'severe'",[5] his failure to outline the findings undergirding the conclusion

represents an inexcusable abdication of the ALJ's duty to provide this reviewing court with a basis

for assessing whether his ultimate decision denying benefits is based upon substantial evidence and

proper application of the law.  Remand is necessary for the ALJ to analyze and to state explicitly his

analytical findings on the severity of Mitchell's alleged and documented impairments – considered

separately, and in combination with her other impairments.[6]

---

[4]Memorandum in Support of the Commissioner's Decision at 4-5 ("*Def.'s Br.*")(Doc. 11, filed March 30, 2005), citing R. 25.

[5]R. 29; see also R. 17 ("The medical evidence indicates that the claimant has impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.").

[6]*Walker v. Bowen*, 826 F. 2d 996 (11th Cir. 1987)(ALJ must make specific and well-articulated findings as to the disabling effect of the combination of impairments);  *see* 20 C.F.R. §§404.1520, 404.1522, and 404.1523 (requiring the ALJ to consider  alleged impairments singularly and in combination); *Gibson v. Heckler*, 779 F. 2d 619, 622 (11th Cir. 1986)(ALJ committed reversible error by failing to consider each impairment alleged and to state the weight accorded each item of impairment evidence and the reasons for his decisions on such evidence); *Ashford v. Barnhart,* 347 F. Supp. 2d 1189, 1193-94 (M.D. Ala. 2004)(ALJ committed reversible error in his failure to accept that she was diagnosed with bipolar disorder, to address the severity of the disorder,  or to explain how and why the weight of the evidence would not support a finding that the disorder was a severe impairment); *Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1196-98 (M.D. Ala. 2002) (ALJ required

**B.      RFC Assessment: alleged requirement for "physical capacities evaluation"**

Mitchell also claims reversible error in the ALJ's failure to obtain an assessment of her RFC by a treating or examining doctor, contending that instead, the ALJ "played the role of medical expert, interpreted raw medical data, and drew his own conclusions as to [her] residual functional capacity."[7]   The court deems it necessary to address this contention only to correct Mitchell's erroneous assertion that a treating or examining doctor's statement is a necessary requirement for the ALJ's formulation of her RFC.[8]   The Commissioner notes correctly that  Mitchell retains the burden of proof and production at steps one through four of the five-step sequential evaluation process; that the ALJ makes the  RFC  determination only at step four and uses it at step five, where the burden of production shifts to the Commissioner to demonstrate that Mitchell retains the RFC to perform other work in the national economy.[9]  Assessment of RFC falls squarely within the ALJ's province, but it must be based upon all relevant evidence of the claimant's ability to work despite

---

to assess the severity of all of the claimant's diagnosed impairments). *See Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-6 (11th Cir. 1991)(reversal mandated by Commissioner's failure to provide sufficient reasoning to assess propriety of the  legal analysis); *Cowart v. Schweiker*, 662 F. 2d 731, 735 (11th Cir. 1981) ("The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for the decision...to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence."); *Cook v. Barnhart*, 347 F. Supp. 2d 1125, 1132 (M.D. Ala. 2004)("The ALJ is required to explain his findings explicitly not just for the claimant's benefit. Clear and specific findings are also the *sine qua non* of effective review of this court.").

[7]*Pl.'s Br.* at 9.

[8]According to Mitchell,  the Eleventh Circuit has held on numerous occasions that the ALJ's fifth step burden requires a residual functional capacity assessment rendered by a treating physician. However, this court cannot locate any such Eleventh Circuit precedent, and Mitchell  cites only Southern District of Alabama cases which are not binding on this court.

[9]*See* 20 C.F.R.§§404.1520(a)(4) and 404.1545; 68 Fed. Reg. 51153, *51155-56 (Aug. 26, 2003).

impairments.  *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11ᵗʰ Cir. 1997); *see also* SSR 96-5p.   The

ALJ is therefore charged with considering such items as medical history, medical signs and laboratory

findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical

source statements, work evaluations, effects of symptoms, evidence of attempts to work and need

for a structured living environment.  20 C.F.R. §404.1545;  SSR No. 96-8p.


## V.   CONCLUSION

For the reasons explained in this *Memorandum Opinion*, the court concludes that the ALJ,s

decision denying disability benefits is not supported by substantial evidence.  Accordingly, it is

**ORDERED** that the decision of the Commissioner is hereby **REVERSED** and **REMANDED**

pursuant to *sentence four* of 42 U.S.C. §405(g) for further administrative proceedings to evaluate

and to state explicitly analytical findings with respect to the severity of Mitchell's alleged and

documented impairments –  considered separately, and in combination with her other impairments.

After making this step two determination, the ALJ should proceed through the sequential evaluation

process consistent with the evidentiary findings.[10]

A separate judgment is filed herewith.

---

[10]Any RFC evaluation must take into account  all of the relevant medical and other evidence , and the
ALJ must assess and detail any exertional and non-exertional limitations for Mitchell.  The parties do not
dispute, and  the ALJ also acknowledges, the controlling law for his  step five consideration of the Medical-
Vocational Guidelines ("grids")  to determine the existence of other jobs  in the national economy within the
claimant's ability to perform. *See Phillips v. Barnhart*, 357 F. 3d 1232, 1242-1245 (11ᵗʰ Cir. 2004). In lieu
of specifying  Mitchell's non-exertional limitations,  the ALJ opined  that the grids directed a conclusion of not
disabled "[b]ecause the evidence supports a finding that [Mitchell] can perform the demands of the full range
of sedentary work." (R.29) On remand the ALJ must be explicit on whether any of Mitchell's medically
determinable physical or mental impairments, including related symptoms, imposed non-exertional limitations
which would limit significantly  her basic work skills at the sedentary level.

Done this 28th day of December, 2005.

/s/Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE